EDITH H. JONES, Circuit Judge, concurring:
I am pleased to concur in Judge Davis's opinion. I add two observations. First, I don't see how, under the circumstances before us, the district court could rule on now-deceased Dr. McClendon's "reckless" disregard of his tax duties as a matter of law. Given that he and his partners employed Stephen for a decade before the *786 CPA started embezzling, their reliance on his handling of their business affairs seems at least plausible. Second, it takes some chutzpah for the IRS, which submitted 285 pages of exhibits including FPA business records in support of summary judgment, now to assert McClendon did not bear "his" burden to articulate precisely how those records demonstrated whether there were insufficient funds to cover the unpaid withholding taxes and whether all available receipts were in fact paid to the IRS. Is it too much to assume the tax collectors can read bank and financial records adeptly, and that ethically, they wouldn't make claims without factual foundations of which they ought to be aware? To challenge the legal consequences of McClendon's $100,000 cash infusion is one thing; to claim, in the face of his sworn affidavit and documents, and their own access to corroborative financial records, that this isn't enough to raise a fact issue is irresponsible at best.
STEPHEN A. HIGGINSON, Circuit Judge, dissenting:
I fail to see how the majority opinion's analysis justifies its chosen disposition of the appeal. The majority opinion affirms the primary legal ground the district court gave for granting summary judgment in the Government's favor, and takes no issue with the district court's (correct) alternative holding. Compare McClendon v. United States , No. 4:15-cv-2664, 2016 WL 6804864, at *3-4 (S.D. Tex. Nov. 17, 2016), with ante at 783-84. But the majority nonetheless "vacates" the grant of summary judgment because of an argument the majority agrees McClendon never raised in the original summary judgment briefing. See ante at 778-79, 783-85. "Although on summary judgment the record is reviewed de novo , this court, for obvious reasons, will not consider evidence or arguments that were not presented to the district court for its consideration in ruling on the motion." Skotak v. Tenneco Resins, Inc. , 953 F.2d 909, 915 (5th Cir. 1992). Because I would not require the district court to anticipate and construct arguments on the nonmovant's behalf, I would affirm the district court's grant of summary judgment on the legally correct grounds stated in that order.
The majority opinion also "reverses" the district court's order denying reconsideration, apparently because that order applied the wrong legal standard. Ante at 781-82, 785. I agree that under Austin v. Kroger Texas, L.P. , 864 F.3d 326, 336-38 (5th Cir. 2017), the district court erred in relying on Rule 59(e). But I would administer the remedy dictated by Austin -that is, "vacate ... and remand for the district court to reconsider [the] motion for reconsideration under the more flexible Rule 54(b)," giving the district court "discretion" to consider late-raised arguments (or not) based on the equities of the situation. Id . at 337. To the extent that the majority opinion is requiring the district court to consider the late-raised argument, the majority opinion vitiates the district court's inherent discretion under Rule 54(b)"to reconsider and reverse its decision for any reason it deems sufficient ," id. at 336 (emphasis added), and prevents the district court from enforcing its own deadlines for filing and opposing motions.
I would affirm the district court's grant of summary judgment, vacate the district court's denial of reconsideration, and remand for the district court to apply the correct Rule 54(b) standard. Because the majority takes a different path, I respectfully dissent.